## Wheeler, et al. v. Peters.

(Decided February 15, 1927.)

### Appeal from Elliott Circuit Court.

Appeal and Error—Refusal to Open Judgment on Motion Supported by Affidavits Would Not be Disturbed, Where Not Against Weight of Evidence (Civil Code of Practice, Sections 518-520).—Where, in suit for injunction, order was made that plaintiffs' reply stand as controverted and judgment was entered dismissing petition, ruling of circuit court denying plaintiffs' motion to correct order and open judgment would not be disturbed, where not contrary to weight of evidence, in view of controverting affidavits, relief having been erroneously sought through motion instead of by petition, as provided by Civil Code of Practice, sections 518-520.

S. S. WILLIS, W. E. MOBLEY and WHEELER & WHEELER for appellants.

REDWINE & REDWINE for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

On December 29, 1921, Gale Peters executed to
James Porter a lease on his land for the purpose of drill-
ing and operating for oil and gas. The lessee agreed to
commence operation and drill one ' well within six
months from the date of the lease, unavoidable accidents
excepted. A failure to drill the well or in lieu thereof to
pay rent, as provided by the lease, rendered it null and
void. The lease was for a term of one year and as long
as oil and gas were found. A certain royalty was to be
paid      Porter, on July 22, 1922, assigned the lease to
Wheeler and Campbell. They, on December 15, 1922,
filed this action in which they alleged that since the pur-
chase of the lease by them they had at all times been dili-
gent in the prosecution of the work in developing the pro-
perty until the 11th day of December, 1922, on which date
Peters wrongfully and without right, with force and arms,
drove their employees from the property and away from
the wells then on the property. They prayed an injunc-
tion restraining him from interfering with them in the
operation of the property. A restraining order was
granted. Peters filed, on December 16, 1922, an answer
in which he denied the allegations of the petition and
pleaded that the plaintiffs had failed to carry out the pro-
visions of the lease; that a well was not drilled within
six months; that the wells on the land were drilled under
a former lease, which had been abandoned; that no work
had been done at all under the lease made to Porter; that
the plaintiff's lease was void, and when they first came
on the property, on December 11th, he refused to allow
them to go to work and for this reason. No step was
taken at the March term, 1923. At the July term, 1923,
a reply was filed. The order filing it provided that by
consent the affirmative allegations in the reply stood con-
troverted; no proof was taken and at the November term,
1923, the case being submitted, judgment was entered
dismissing the plaintiff's petition, to which the plaintiff
excepted and prayed an appeal to the Court of Appeals,
which was granted. Nothing further occurred until the
March term, 1924, when the plaintiff filed two affidavits
and moved the court to set aside so much of the order
entered at the July term as provided that the affirmative
allegations of the reply should stand controverted and to
set aside the judgment entered at the November term,

1923. The motion being heard by the court at the August term, 1924, was overruled, to which the plaintiff excepted. No appeal was taken to this court from the judgment rendered at the November term, 1923, but, after the time for taking an appeal from that judgment had expired, an appeal was sued out in this court on July 21, 1926, from the order entered at the August term, 1924, overruling the motion to correct the order, taking the reply as controverted or to set aside the judgment subsequently entered.

The proceeding at the March term, 1924, to open the judgment rendered at the November term, 1923, should regularly have been by petition, as provided in sections 518-520 of the code; but if, passing this, the affidavits accompanying the motion may be treated by the court as a petition, no objection on this ground having been timely made in the circuit court, still the fact remains that the defendant filed two affidavits controverting the affidavits filed by the plaintiff and the circuit court overruled the motion. It cannot be maintained that the ruling of the circuit court is against the weight of the evidence. On questions of this sort the ruling of the circuit court will not be disturbed unless it is against the weight of the evidence.

Judgment affirmed.